

# NUMBER 13-23-00222-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **LIVESAY LAW OFFICE,** | **Appellant,** |

**v.**

| | |
|---|---|
| **ZARIA DAJLALA RICARTEA,** | **Appellee.** |

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Chief Justice Contreras**

This is an appeal of the trial court's March 23, 2023 order sealing certain court records. Appellant Livesay Law Office contends that the sealing order did not comply with Texas Rule of Civil Procedure 76a because: (1) there was no written motion to seal filed; (2) there was no hearing held; (3) there was no public notice of any hearing; and (4) there was no evidence justifying the sealing order. *See* TEX. R. CIV. P. 76a(1), (3), (4). Because

we agree on appellant's first point, we reverse and render.

## I. BACKGROUND

The underlying case is a divorce proceeding in which appellant, representing petitioner Carlos Hernandez, filed a motion for sanctions against Nereida Lopez Singleterry, one of the attorneys representing respondent (appellee herein) Zaria Dajlala Ricartea. At the final divorce hearing on January 20, 2023, appellee's co-counsel asked "that any motions for sanctions not only be withdrawn but stricken from the court's file completely and sealed." The trial court replied, "They will be." Appellant's co-counsel replied, "I think you were going to do that anyway, Judge." The trial court signed an order on March 23, 2023, granting the oral motion for sanctions, but the order itself was "sealed by the court."[1] On May 22, 2023, appellant filed a notice of appeal challenging "the order sealing record[s] entered on March 23, 2023."

On May 30, 2023, appellant filed a "Response to Court's Claim That Order Not Appealable[2] and Request to Abate Appeal." Appellant argued in this filing that the order on appeal does not comply with Texas Rule of Civil Procedure 76a for the reasons set forth above, and he asked us to abate the appeal in order for the trial court to correct these procedural defects. *See* TEX. R. CIV. P. 76a(1), (3), (4), (8). On June 15, 2023, we abated the appeal pursuant to appellant's request and remanded the case with instructions for the trial court to "determine whether any party has filed a written motion requesting sealing of the subject records." Our order stated, among other things, that "if

---

[1] The order states appellant's co-counsel agreed "to seal [the subject] motion for sanctions, all exhibits and all proposed and signed orders associated with [the] motion."

[2] On May 25, 2023, this Court notified appellant that there appeared to be no final, appealable order. However, on June 5, 2023, this Court notified appellant that, upon further review, it appears that the order is final and appealable. *See* TEX. R. CIV. P. 76a(8).

no party has filed a written motion to seal records, the trial court shall certify that fact in a written order" and shall "cause its written order to be included in a supplemental clerk's record, which shall be filed with the Clerk of this Court within thirty (30) days from the date of this order." *See* TEX. R. CIV. P. 76a(8). On the other hand, if the trial court determined that a party had filed such a motion, we ordered the trial court to conduct proceedings in accordance with Texas Rule of Civil Procedure 76a.

On July 18, 2023, appellant filed a "Notice of Trial Court's Refusal to Comply With This Court's Order," observing that the deadline for the trial court to file its order had passed. On July 26, 2023, appellant filed a "Notice of Trial Court's Continuing Refusal to Comply With This Court's Order," observing that the trial court had still not filed its order pursuant to our directions. In his notices, appellant asked us to "deem that no written motion to seal was filed" and to "summarily reverse" the sealing order. We ordered appellee to file a response to the requests made in appellant's notice on or before 5:00 p.m. on Thursday, August 3, 2023. Appellee did not file a response.

On August 4, 2023, a supplemental clerk's record was filed which included a letter from the trial court to the Clerk of this Court stating, in its entirety: "[Appellant] provided me a copy of the transcript of the January 20, 2023 hearing. All parties agreed to seal the matters at issue in this case. I am sending a copy of the transcript."[3] The letter does not state whether any party filed a written motion to seal records, and no order appears in the supplemental clerk's record.

---

[3] The letter included a copy of the transcript of the January 20, 2023 hearing. That transcript had previously been provided to this Court as part of the reporter's record on July 5, 2023.

## II. DISCUSSION

As an order sealing records, the trial court's March 23, 2023 order is deemed to be severed from the underlying case and is an appealable final judgment. *See* TEX. R. CIV. P. 76a(8) ("Any order (or portion of an order or judgment) relating to sealing or unsealing court records shall be deemed to be severed from the case and a final judgment which may be appealed by any party or intervenor who participated in the hearing preceding issuance of such order."). Moreover, the documents presently on file provide this Court with the information necessary to resolve this appeal, and appellee has been given a reasonable amount of time to respond to the requests made in appellant's notices. Accordingly, we allow the appeal to be submitted without briefs. *See* TEX. R. APP. P. 2, 28.1(e).

Appellant contends that the trial court's March 23, 2023 sealing order did not comply with Texas Rule of Civil Procedure 76a because, among other things, there was no written motion to seal filed. *See* TEX. R. CIV. P. 76a(3) ("Court records may be sealed only upon a party's written motion, which shall be open to public inspection."). In response to our request for clarification as to whether any party filed a written motion to seal records, the trial court filed a letter which included a copy of a hearing transcript. We construe the trial court's letter as confirming appellant's assertion that no party filed any written motion to seal records.[4] Moreover, we observe that the transcript of the January 20, 2023 hearing does not substantiate the trial court's statement that "[a]ll parties agreed to seal the matters at issue in this case." To the contrary, there is no indication that

---

[4] Appellant has filed an "Amended Motion for Contempt" asking us to hold the trial court, appellee, and Singleterry in contempt and to "place[ them] in jail until they compl[y] with this Court's order." We look with disfavor upon the trial court's and appellee's failure to comply with this Court's orders. However, we deny the "Amended Motion for Contempt."

appellant, his co-counsel, or his client explicitly agreed at that hearing that the motion for sanctions should be sealed. In any event, the requirements of Rule 76a are mandatory and may not be waived by agreement of the parties. *See In re Cook*, 629 S.W.3d 591, 608 (Tex. App.—Dallas 2021, orig. proceeding) (Smith, J., concurring) ("[P]arties may not enter a Rule 11 agreement to skirt the requirements of [R]ule 76a.").

Because no written motion to seal was filed, the March 23, 2023 sealing order was erroneous as a matter of law and must be reversed.[5] *See id.* We express no opinion on whether the other requirements of Rule 76a were satisfied.

### III. CONCLUSION

We reinstate the appeal, reverse the trial court's March 3, 2023 sealing order, and render judgment denying appellee's oral motion to seal records. All other pending motions are denied as moot.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
24th day of August, 2023.

---

[5] We note that, according to the docket sheet, the March 23, 2023 sealing order is itself sealed. This is improper. *See* TEX. R. CIV. P. 76a(6) (providing that an order which decides "a motion relating to sealing or unsealing court records" shall be "open to the public"). That said, because of our disposition, we need not direct that the March 23, 2023 order be unsealed.